KAESTNER v. NATIONAL BREWING CO. et al.

(Circuit Court, N. D. Illinois. February 18, 1893.)

1. PATENTS FOR INVENTIONS—NOVELTY—INVENTION—MASH RAKES.

Claim 1 of letters patent No. 207,283, issued August 20, 1878, to Charles Kaestner, for an improvement in mash rakes, which is for the construction of vertically and horizontally revolving rakes or agitators, and horizontally rotating scrapers, operating in the usual form of mash tub, is invalid for want of novelty and invention, the prior art showing that the patentee did not introduce any new operation or device; that the purpose of this claim, and the means therein employed, were old.

**2. SAME.**

The second claim was for the combination in a mash tub of scrapers which are secured upon a fixed arm that revolves around the axis of said tub; and have their faces inclined rearward, and towards the circle upon which is located the discharge opening, whereby the solid contents of said mash tub may be moved to, and caused to pass through, said opening. *Held,* that the claim is invalid for want of invention,—it being common in the art to use scrapers without agitators, and the cuanges in devices being only due to the skill of the mechanic,—even though the machine, as a whole, may be better.

**3. SAME—INFRINGEMENT.**

Even if the claims can be held valid by reason of special construction, then the defendants do not infringe, as they use an old, sweeping, single scraper, and do not use the scrapers, L, of either claim.

In Equity. Suit by Charles Kaestner against the National Brewing Company, Henry Olsen, Gustave Tilgner, and others for infringement of a patent. Bill dismissed.

Offield, Towle & Linthicum, for complainant.
Banning & Banning & Payson, for defendants.

GRESHAM, Circuit Judge. This suit is brought for the infringement of the first and second claims of the patent to Charles Kaestner for mash rakes, dated August 20, 1878. So far as the tub is concerned, it contains nothing new. The statement is, A and B represent the side wall and bottom "of a mash tub of the usual form," and further on the discharge hole is incidentally referred to. The drawing does not indicate that the tub has a double bottom or a false bottom, and the specification is silent as to this, for the words "usual form" refer to the entire tub; but, for the purposes of the improvements' claimed, it seems not to be material whether the bottom is double or single, as both forms are shown to be old. The difficulty in the older machines, to be remedied by the improvements, is stated to be that the portion of grain "near the bottom of the tub being liable to be passed over by the revolving rakes usually employed," and that to obviate this difficulty the principal improvement consists in combining rotating scrapers wth revolving agitators so as to raise the grain from the bottom of the tub. The first claim corresponds with this statement. It is:

"(1) In a mash tub, the combination of vertically and horizontally revolving rakes or agitators, K, and horizontally rotating scrapers, L, substantially as and for the purpose specified."

This claim is for the rakes, K, which are carried around the tub by the vertical shaft, and their supporting shaft is made to revolve by the gearing near the bottom of the tub. A set of scrapers is also carried around in the tub by the vertical shaft, but without being revolved by their carrying shaft or bar, or, in other words, the rakes have two motions, while the scrapers have only one, both sets operating in any suitable mash tub; the purpose being to lift the bottom grain so as to bring it within the action of the rakes, and for this purpose the hole in the bottom must be plugged or closed during the entire period of agitation. The agitators do not move the grain towards the discharge hole when it is open, any more than

they move it away from such opening. The absence of the hole is more essential, during agitation, than its presence. The prior art shows that the patentee did not introduce any new operation or device. The Schwalbe mash machine, from the Polytechnisches Centralblatt, (1859,) shows a mash tub in which there are two rakes or agitators, one of which has the same double movement as that of the rakes, K, of the patent, and scrapers on the opposite side of the vertical shaft. Over these scrapers there is another agitator, which has a double horizontal rotation. The statement as to the scrapers is:

"Two wings, S, S, hanging near the bottom in the rotation of [shaft] L, stir up the mass that has deposited on the bottom."

The Volckner mash machine, from the same German publication of 1864, shows a similar machine, except that the doubly rotating agitator is shorter, and considerably above the scraper. The statement here is:

"The vertical agitator, H, carries two gratings, T and U, as well as two knives, V, hanging near the bottom. The latter stir up the mass that has settled on the bottom of the vat."

The Schwager meat cutter, of 1874, shows two sets of knives, having the same double rotation as the Kaestner rakes have, which is caused by a central shaft, and an arm having the same single rotation, which carries several stirring scrapers, or a single, full-width, cleaning scraper. Brand & Hoffman, in 1866, show a mash tub in which two agitators, having a double horizontal rotation, are used with scrapers at the bottom. They say, "The service performed by this scraper is to scrape up the mash, and prevent it from settling to the bottom of the tub," and their first claim is, "The adjustable scraper on bottom of tub." Other patents might be referred to, but these are sufficient to show that the purpose of the Kaestner first claim was old, that the means employed were old, and the use of more than one agitator would seem to depend on the amount of agitation desired.

The second claim is as follows:

"(2) In combination with a mash tub, scrapers, L, which are secured upon a fixed arm that revolves around the axis of said tub, and have their faces inclined rearward, and towards the circle upon which is located the discharge opening, b, whereby the solid contents of said mash tub may be moved to, and caused to pass through, said opening, substantially as and for the purpose shown."

Securing scrapers on a fixed arm is shown in the Schwager patent of 1874. A single curved scraper delivering mixed paint to a discharge hole in the bottom is shown by Poole in 1867. A series of scrapers on fixed arms, delivering salt or "other substances" to a discharge side hole, which scrapers can be adjusted in regard to their edge lines, is shown by Winegar in 1868; and scrapers which are attached to fixed arms that revolve around the axis of the tub, and have faces with an upward and rearward incline, which are so arranged as to bring the mixed material to a discharge hole in the bottom, are shown in the Martien patent of 1872. These scrapers

are also "dodged." The prior art illustrated by the exhibits shows that it is also common in the art to use agitators without scrapers, and scrapers without agitators; and, as the combination of the second claim is complete without the rakes or agitators which are included in the first claim, I do not see how the rakes or agitators can be carried into this claim, and thus make it substantially like the first. I do not think, in view of the first claim, that this was the intention of the patentee. The changes in devices, in so far as they differ from older ones, appear to be only due to the skill of the mechanic, even though the machine, as a whole, may be better. Better or worse, in kind, belongs to skill, and not to invention. The combinations of both claims are found in the older art in several forms.

If the claims could be held valid by reason of special constructions, then the defendants would not infringe, as they use an old, sweeping, single scraper, and do not use scrapers, L, of either claim. The bill is dismissed for want of equity.